## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK ESPOSITO,**<br><br>                    Plaintiff,<br><br>v.<br><br>**CELLCO PARTNERSHIP, LLC; AFNI, INC.**<br><br>                    Defendant. | Civil Case No.:  17-cv-3335<br><br><br>**COMPLAINT** |

## INTRODUCTION

1.      This action arises out of Defendant Cellco Partnership, LLC's ("Verizon") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      This action also arises out of Afni, Inc.'s ("Afni"; or, collectively with Verizon, "Defendants") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and its violations of the TCPA while collecting a debt on Verizon's behalf.

3.      Over approximately the past year, Defendants have placed over 80 telephone calls to Plaintiff Mark Esposito's cellular telephone without his prior express consent.

4.      These calls were an effort to collect a debt from a third-party.

5.      All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

6.      Furthermore, the calls continued after Plaintiff informed Defendants on multiple occasions that they had the wrong number and asked them to stop calling.

7.      Defendants' actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per

call.

8.      Afni's actions also violate the FDCPA, and Plaintiff is entitled to an additional $1,000 plus attorneys' fees from Afni.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA and FDCPA, which are federal statutes.

10.      This Court has personal jurisdiction over Verizon because Verizon is headquartered in this District and Verizon conducts significant amounts of business within this District.

11.      The Court has personal jurisdiction over Afni because Afni's conduct giving rise to the injury complained about herein was directed at this District, and Afni conducts a significant amount of business within this District.

12.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this case also occurred in this district.

## PARTIES

13.      Plaintiff is, and at all times mentioned herein was, a resident of Princeton, New Jersey.

14.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.      Verizon is, and at all times mentioned herein was, a corporation headquartered at One Verizon Way, Basking Ridge, New Jersey 07920. Defendant conducts significant business in New Jersey, Texas, and nationwide.

16.     Verizon is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Afni is, and at all times mentioned herein was, a corporation headquartered in Bloomington, Illinois.

18.     Afni is, and all times herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Afni is, and all times herein was, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

20.     Since approximately early February 2017, Verizon has placed dozens of telephone calls to Plaintiff's cellular telephone number 315-###-4920.

21.     Plaintiff relies upon his cellular telephone for making and receiving personal telephone calls.

22.     These calls originated from several of Verizon's telephone numbers, including, but not limited to, 585-563-8506, 585-270-7649, 585-270-7665, 585-270-7682, and several other variations of 585-270-#### or 585-563-####.

23.     These calls were all in an effort to collect a debt from a third-party named Charles Esposito.

24.     The Third Circuit has held that regardless of who is the intended recipient of a particular phone call, "[i]t is the actual recipient, intended or not, who suffers the nuisance and invasion of privacy" and thus has standing to bring a TCPA claim. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015); *see also*, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268-69 (3d Cir. 2013) (equating "called party" with "recipient").

25.     All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26.     This is evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by an unnatural a period of silence before Verizon's agent would come on the line. This behavior is indicative of an automatic telephone dialing system.

27.     Furthermore, on a March 28 call, a Verizon representative named Nadia confirmed that the calls were made using a dialing system that does not require the representatives to manually dial any particular phone number.

28.     Plaintiff never gave Verizon his prior express consent to make any calls to his cellular telephone, including the calls like those at issue herein.

29.     In addition, Plaintiff informed Verizon on multiple occasions that it had the wrong number and/or asked it to stop calling.

30.     Specifically, Plaintiff told Verizon that it had the wrong number and/or asked it to stop calling on:

- February 7, 2017;

- March 17, 2017;

- March 18, 2017 (representative Alyssa (sp), identification number 3051895);

- March 21, 2017 (on which Plaintiff threatened a lawsuit over the continued calls);

- March 24, 2017;

- March 28, 2017 (representative Nadia);

4

• March 29, 2017

31.    On several of these calls, such as the March 17 and March 28 calls, Verizon told Plaintiff his number had been removed.

32.    Furthermore, on March 28, 2017, Plaintiff's counsel contacted Robert Slevin, Associate General Counsel for Verizon, asking Mr. Slevin to look into one of the telephone numbers that had been calling Plaintiff and to confirm/deny whether it was a Verizon number.

33.    Mr. Slevin did not respond, so Plaintiff's counsel followed up on April 19, 2017.

34.    On April 20, 2017, Mr. Slevin informed Plaintiff's counsel that he was following up on the request, and would let Plaintiff's counsel know.

35.    Mr. Slevin never got back to Plaintiff's counsel.

36.    Despite all of the above, the calls from Verizon itself continued through April 25, 2017.

37.    Verizon is liable to Plaintiff for at least $500 per call for all of the calls it made to Plaintiff's cellular telephone.

38.    Verizon is also liable for treble damages of $1,500 per call because its actions were willful and/or knowing.

39.    Verizon's actions were willful because Verizon made the calls of its own volition, and continued to call after Plaintiff told it that it had the wrong number – and even after Plaintiff threatened a lawsuit about the calls.

40.    Verizon's actions were knowing because Defendant knew it was calling a cellular telephone (because, on information and belief, it was calling a number identified in its records as a cellular telephone), knew it was using an automatic telephone dialing system, and knew it did not

have consent.

41.     In addition, Verizon has been previously sued on a class-wide basis for similar behavior in the past, so it was well aware of the TCPA and its obligation to comply with "do not call" requests. *See Lofton v. Verizon Wireless (VAW) LLC*, Case No. 13-cv-05665.

42.     Making matters worse is that on or about April 26, 2017, Verizon provided Plaintiff's cellular telephone number to Afni, a third-party collections company, to continue collection calls to Plaintiff's cellular telephone number.

43.     Afni placed at least four calls to Plaintiff's cellular telephone number: April 26, April 28, May 1, and May 2.

44.     These calls came from telephone number 844-236-4767.

45.     On April 28, Plaintiff called Afni to let it know directly that it had the wrong number.

46.     Afni continued to call, however, placing two additional calls after being told that it had the wrong number.

47.     Afni's calls also used an automatic telephone dialing system, as evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by an unnatural a period of silence before Afni's agent would come on the line. This behavior is indicative of an automatic telephone dialing system.

48.     Verizon and Afni are jointly and severally liable under the TCPA for the calls Afni made.

49.     In addition, Afni's calls after being told that it had the wrong number violate 15 U.S.C. § 1692d(5) of the FDCPA, which prohibits "causing a telephone to ring or engaging any

person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

50.     Afni is a debt collector, as evidenced by its website, which states that it is the "Afni collections agency" and handles "consumer collections" for big name telecommunications companies, among others. https://www.afnicollections.com/about-afni

51.     Without conceding the validity of any debt owed or allegedly owed by Mr. Charles Esposito, given that it appears to be a Verizon Wireless debt, it is a debt that was likely incurred for personal, family, or household purposes.

52.     Afni is liable for statutory damages of $1,000 as well as attorneys' fees for its violation of the FDCPA.

53.     Plaintiff has suffered actual injury as a result of Defendants' telephone calls, including, but not limited to, device storage, tying up his telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendants' unlawful conduct, the invasion of his privacy by calls continuing after he informed Defendants that they had the wrong number, and the trespass to his telephone.

54.     These forms of actual injury are sufficient for Article III standing purposes.

55.     Plaintiff is entitled to statutory damages, actual damages, attorneys' fees, and injunctive relief.

56.     Plaintiff respectfully reserves the right to seek leave to amend his complaint to add a claim for class relief against either or both Defendants.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(Against Both Defendants)**

57.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.     Defendants placed repeated calls to Plaintiff on his cellular telephone number.

59.     As alleged, these calls all used an "automatic telephone dialing system."

60.     Plaintiff did not provide Defendant with prior express consent to call his cellular telephone.

61.     Defendants continued to call Plaintiff after Plaintiff informed Defendants that they had the wrong number.

62.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

63.     Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

65.     Verizon is solely liable for all of the calls except those originating from Afni on Verizon's behalf.

66.     Verizon and Afni are jointly and severally liable for all calls originating from Afni on Verizon's behalf.

### SECOND CAUSE OF ACTION
### Violation of the FDCPA 15 U.S.C. § 1692, *et seq.*
### (Against Defendant Afni, Inc.)

67.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68.     Afni is a debt collector as defined by 15 U.S.C. § 1692a(6).

69.     Afni called Plaintiff's cellular telephone in an attempt to collect a debt from a third-party that, upon information and belief, was incurred for personal, family, or household purposes.

70.     Afni knew, or should have known, that it had the wrong number, because Plaintiff told Afni and Verizon on numerous occasions that it had the wrong number and asked it to stop calling.

71.     Afni's continued calls violate 15 U.S.C. § 1692d in that the natural conduct of Afni's conduct was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

72.     Afni's conduct also violated 15 U.S.C. § 1692d(5) in that Afni caused a phone to ring repeatedly with the intent to annoy and harass.

73.     Plaintiff is entitled to statutory damages and attorney's fees as a result of Afni's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Esposito prays for the following relief:

A.      An order declaring that Defendants' actions violate the aforementioned laws and statutes;

B.      An award of injunctive and other equitable relief prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C.      An award statutory damages;

D.      An award of treble damages;

E.      An award of attorneys' fees against Defendant Afni;

F.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 11, 2017

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jeremy M. Glapion, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**Dated:** May 11, 2017

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com