SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
15 Exchange Place, Suite 1020
Jersey City, New Jersey 07302
Telephone: (201) 209-0393
Facsimile: (201) 209-1223
*Attorneys for Defendant*
**Cellco Partnership d/b/a Verizon Wireless**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK ESPOSITO,<br><br>    *Plaintiff,*<br>-against-<br><br>CELLCO PARTNERSHIP, LLC,<br><br>    *Defendants*. | Civil Action No.:  3:17-cv-03335 (MAS) (DEA)<br><br>JOINT DISCOVERY PLAN<br><br>Conference Date:  September 25, 2017 |

### JOINT DISCOVERY PLAN

Pursuant to the Court's August 7, 2017 Order and Local Civil Rule 26.1(b), Plaintiff Mark Esposito and Defendant Cellco Partnership d/b/a Verizon Wireless (erroneously sued as "Cellco Partnership, LLC") (collectively, the "Parties") hereby submit this Joint Discovery Plan.

**1. Brief Factual Statement of the Claims and Legal Issues in the Case**

Plaintiff alleges that Defendant placed telephone calls to his cellular telephone number without his consent using an automatic telephone dialing system ("ATDS"). The calls were meant for Plaintiff's father, and Defendant continued to call Plaintiff even after Plaintiff told Defendant, on multiple occasions, that it had the wrong number and even threatened litigation. Defendant eventually sent Plaintiff's father's account into third-party collections without informing the third-party collector that Plaintiff had revoked his consent, leading to more calls. Further, whether or not Defendant used an ATDS, its actions still constitute the very same invasion of privacy that the TCPA was enacted to protect, and give rise to a common-law invasion of privacy claim.

Defendant denies Plaintiff's allegations. Defendant did not use an ATDS to make any telephone calls to Plaintiff's cellular telephone number. Moreover, Defendant had consent to call the telephone number at issue at all relevant times. Moreover, Defendant denies that it invaded Plaintiff's privacy in any way.

2. **Discovery Conducted to Date**

Defendant has informally produced several documents to Plaintiff. On August 23, 2017, Plaintiff issued a subpoena to produce documents to LiveVox, Inc.

3. **Discovery Issues to Date**

Defendant objects to the August 15, 2017 subpoena, and will take appropriate action, if necessary.

There are no other discovery issues at this time.

4. **Further Discovery Needs**

Discovery will be needed on all allegations, claims, theories of liability, and damages alleged in the Complaint, and affirmative defenses alleged in the Answer.

Plaintiff will need discovery on, among other things, the equipment Defendant used to make any and all calls, its notes on the calls, any call recordings, details on how and when Defendant obtained Plaintiff's number, details on how and when Defendant placed the account in third-party collections, and Defendant's policies as they pertain to the TCPA and wrong number debt collection calls.

Defendants will request documents evidencing any telephone calls allegedly made by Defendant to Plaintiff, or received by Plaintiff, communications from Plaintiff to Defendant, and the absence of damages. Further, Defendant anticipates conducting third party discovery.

5. **Estimated Time to Complete Discovery**

The Parties agree that fact discovery shall be completed no later than March 9, 2018.

6. **Expert Testimony**

The Parties propose the following schedule for expert discovery:

a. April 9, 2018 – Deadline for Plaintiff to disclose his expert witnesses.

    b. May 16, 2018 – Deadline for Defendant to disclose its expert witnesses.

    c. June 29, 2018 – Conclusion of expert discovery.

**7. Limitations on Discovery**

The Parties do not believe that discovery should be conducted in phases or limited. However, a protective order may be necessary. If so, the Parties will meet and confer on such an agreement and, if the parties can agree, will submit a mutually agreeable protective order for approval.

**8. Special Discovery Needs of the Parties**

The Parties do not anticipate any special discovery needs or issues. However, if such needs or issues arise, the Parties will meet and confer as required by the rules prior to seeking Court intervention.

Defendant reserves the right to object to any confidential third-party information sought by Plaintiff during the course of discovery.

DATED: September 18, 2017

                              THE GLAPION LAW FIRM

                    By    /s/ Jeremy M. Glapion
                            Jeremy M. Glapion
                            Attorneys for Plaintiff
                            Mark Esposito

                            SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.

                    By    /s/ Dinesh U. Dadlani
                            Dinesh U. Dadlani
                            Attorneys for Defendant
                            Cellco Partnership d/b/a Verizon Wireless